[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision re Motion to Strike
The defendant Ryan Associates, LLC (Ryan) has filed a motion to strike the sixth and eighth counts of the plaintiff's complaint. The sixth count is a cause of action asserted by the plaintiff against Ryan Associates, LLC under the Connecticut Unfair Insurance Practices Act (CUIPA). The eighth count is a cause of action asserted by the plaintiff against Ryan CT Page 2145 under the Connecticut Unfair Trade Practices Act (CUTPA). The defendant seeks to strike the sixth count asserting that CUIPA does not provide for a private cause of action. The defendant seeks to strike the eighth count asserting that no CUTPA claim may lie where the CUIPA claim fails.
The plaintiff, at all relevant times was the owner of property at 7179 Knowlton Street in Bridgeport, Connecticut. Ryan is alleged to have submitted a proposal to provide various business lines insurance for the plaintiff which was to include the 7179 Knowlton Street, Bridgeport property. Ryan stated to plaintiff that the insurance to be provided through the defendant Providence Washington Insurance Company (Providence) would include replacement cost coverage for that property. A fire occurred at 7179 Knowlton Street on June 4, 1998. The plaintiff, which had its place of business at that address, suffered losses from the fire. Plaintiff has alleged that the insurance coverage with Providence, in fact, was not replacement cost coverage and plaintiff was thus harmed.
 I. The Legal Standard
A motion to strike challenges the legal sufficiency of the allegations of any complaint, or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book Section 10-39. A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138,142 (1989). In ruling upon a motion to strike, the court may consider only those grounds raised in the motion. Blancata v. Feldspar,203 Conn. 34, 44 (1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman, 212 Conn. at 146.
 II. Count Six — The CUIPA Violation
In the sixth count of its complaint, the plaintiff claims that the defendant Ryan violated General Statutes § 38a-816 (1), (2), (6) and (8)[1]. The defendant Ryan's motion to strike addresses only the discrete issue of whether a private cause of action exists in the provisions of General Statutes §§ 38a-315 and 38a-316. The defendant Ryan has filed a memorandum in support of its motion to strike, and, similarly, the plaintiff has filed a memorandum in opposition to the motion to strike. Both parties acknowledge that there is, in the absence of a definitive ruling on this issue from the Appellate or Supreme Court, a split of authority exists among the trial court judges. Each, of course, urges this court to conclude that the Superior Court decisions CT Page 2146 supporting their respective perspectives represent the more persuasive voice for the court ruling on the instant motion.
In Mead v. Burns, 199 Conn. 651, 657 (1986), the Supreme Court expressly declined to consider whether a private cause of action lies under CUIPA. It did so while disposing of the case on other grounds which involved the adequacy of the private CUIPA cause of action raised by the plaintiff in that matter. Similarly, in Lees v. Middlesex Ins. Co.,229 Conn. 842, 851 (1987) fn4, the Court states: "The defendant raises alternate grounds for affirmance of the trial court's summary judgment on both the CUIPA and CUTPA claims. With respect to the CUIPA count, the defendant contends that CUIPA does not create a private cause of action. We decline to consider that claim because it is unnecessary for us to do so. See Mead v. Burns, 199 Conn. 651, 657 n. 5, 509 A.2d 11 (1986); Griswold v. Union Labor Life Ins. Co., 186 Conn. 507, 521 n. 12,442 A.2d 920 (1982)."
"When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it is determined the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action, using a suitable existing tort action or a new cause of action analogous to an existing tort action." Restatement of Law Torts 2d § 874A. This court is persuaded that CUIPA allows a private right of action. The language of 38a-915 provides a blanket prohibition from any person conducting an unfair insurance practice as defined by statute. Assuming the facts as pled, that the defendant violated the provisions of this section, without allowing the instant action, no civil remedy would exist for the plaintiff. The statute authorizes the insurance commissioner to examine the business affairs of those engaged in insurance business to determine whether any such unfair practices are occurring. Further, the insurance commissioner is granted authority to hold hearings, issue subpoenas, and issue orders of findings of violation which can result in both a financial penalty as well as a loss of license to engage in the insurance business. 38a-817. The specific prohibited conduct which constitutes an unfair insurance practice is clearly placed in 38a-816. While the actions of the insurance commissioner will go far in protecting all members of the public who may be injured prospectively by unfair insurance practices, only a private cause of action will protect the plaintiff from a specific instance of an unfair insurance practice (assuming it otherwise meets the legal standard).
 III. Count Eight — The CUTPA Violation CT Page 2147
The defendant Ryan seeks to strike the eighth count of the plaintiff's complaint, arguing that if there is no cause of action under CUIPA, there can be no cause of action under CUTPA. The defendant relies on Lees v.Middlesex, 229 Conn. at 850: ". . . a CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein." Defendant Ryan argues, then, that if the court strikes the CUIPA claim it must strike the CUTPA claim. No other ground is asserted. The court, not having struck the CUIPA claim, therefore declines to strike the CUTPA claim.
The motion to strike is denied.
By the Court,
MUNRO, J., J.